IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| JOE A. MEDINA,<br>　　　*Plaintiff* | §<br>§<br>§ | |
| | § | MO-24-CV-00023-DC |
| v. | §<br>§ | |
| SHERIFF MIKE GRIFFIS, ECTOR<br>COUNTY SHERIFF'S;<br>COMMISSIONER MICHAEL<br>GARDNER, CAPTAIN FNU<br>MCKINNEY, NURSE MARIA REYES,<br>OFFICER FNU PATTERSON,<br>OFFICER FNU TANTHRUM,<br>　　　*Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
## [DOCKET NUMBER 24]

Plaintiff Joe A. Medina (Plaintiff) was an Ector County pretrial detainee housed at the Ector County Detention Center (ECDC) when he first mail-filed this 42 U.S.C. §1983 (§1983) civil rights lawsuit on January 15, 2024. [docket number 1 at 5]. He has since been transferred to the Texas Department of Criminal Justice's Middleton Unit in Abilene, Texas. [docket number 27].

In his §1983 civil rights lawsuit, he complains about a January 12, 2024,[1] incident concerning a horribly unsanitary drinking water container, the denial of medical care, and general unsanitary conditions pertaining to food and water in the ECDC. [docket numbers 1 & 6]. On January 19, 2024,[2] Plaintiff filed another grievance alleging he received a cold tray of food for dinner, routinely received undercooked food, and as a result, suffers from malnourishment. [*Id.*]. For relief in his §1983, he asks for $2,000,000 in monetary compensation, but would "take $1,000,000 if food and staff is changed." [docket number 6 at 3].

---

[1] Grievance #18,295,593.
[2] Grievance #18,372,191.

Defendants filed a Motion for Summary Judgment on April 26, 2024, asserting in part that Plaintiff had failed to exhaust his administrative remedies about these claims. [docket number 24]. Plaintiff never responded to Defendants' Motion for Summary Judgment, even though the Court granted his two Motions for Extension of Time. The time to respond has passed. [*See generally* docket]. The Court now grants Defendants' Motion for Summary Judgment based on Plaintiff's failure to exhaust.

## I. §1983 claims in general

Section 1983 creates a private right of action to redress the violation of federal law by those acting under color of state law. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 82 (1984); *Middlesex Cty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 19 (1981); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980). It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. §1983. "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)); *accord Graham v. Connor*, 490 U.S. 386, 393–94 (1989); *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985); *Young v. City of Killeen*, 775 F.2d 1349, 1352 (5th Cir. 1985); *Carbonell v. La. Dep't of Health & Human Resources*, 772 F.2d 185, 188 (5th Cir. 1985).

To prevail on a §1983 claim, plaintiff must prove that a person acting under color of state law deprived him of a right secured by the Constitution or laws of the United States. *See* 42 U.S.C. §1983; *Daniels v. Williams*, 474 U.S. 327, 330 (1986); *Augustine v. Doe*, 740 F.2d 322,

2

324–25 (5th Cir. 1984). Plaintiff must support his claims with specific facts establishing a constitutional deprivation and may not simply rely on conclusory allegations. *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995); *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986); *Angel v. City of Fairfield*, 793 F.2d 737, 739 (5th Cir. 1986); *Elliott v. Perez*, 751 F.2d 1472, 1482 (5th Cir. 1985).

Plaintiff must also prove that the alleged constitutional or statutory deprivation was intentional or because of deliberate indifference — not the result of mere negligence. *See Farmer v. Brennan*, 511 U.S. 825, 828–29 (1994); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels*, 474 U.S. at 328; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). The negligent deprivation of life, liberty, or property is not a constitutional violation. *See Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995); *Fraire v. City of Arlington*, 957 F.2d 1268, 1276 (5th Cir. 1992); *Herrera v. Millsap*, 862 F.2d 1157, 1160 (5th Cir. 1989); *Simmons v. McElveen*, 846 F.2d 337, 339 (5th Cir. 1988); *Young*, 775 F.2d at 1353. Moreover, to hold a defendant liable under §1983, plaintiff must adduce facts establishing defendant's participation in the alleged wrong. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992); *Jacquez*, 801 F.2d at 793.

## II.     *Pro se* pleadings

Allegations made in a *pro se* complaint are held "to a less stringent standard than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). To hold a *pro se* plaintiff to strict compliance "would be inequitable" as courts would punish a *pro se* plaintiff "for lacking the linguistic and analytical skills of a trained lawyer." *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002). To avoid such a result, "courts have adopted the rule that a *pro se* plaintiff's pleadings are liberally construed." *Id.* Even though pleadings by a *pro se* litigant are held to a less stringent standard, courts must be able to draw the reasonable inference from the

3

pleadings that defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

That said, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). The nonmovant's burden is not met by mere reliance on the allegations or denials in the nonmovant's pleadings. *See Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *see also Johnston v. City of Houston*, 14 F.3d 1056, 1060 (5th Cir. 1994) ("Unsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence."). Likewise, the nonmoving party "cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Freeman v. Tex. Dep't of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004) (citations omitted).

Generally, a court should offer a *pro se* litigant an opportunity to amend his complaint before dismissing it. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). A court need not grant leave to amend, however, if plaintiff has already pleaded his "best case." *Id.* In determining whether to allow a plaintiff leave to amend, a court may examine whether there is (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *SGK Properties, L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 944 (5th Cir. 2018). As to the fifth factor, a court need not "'indulge in futile gestures. Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted.'" *United States ex rel. Jackson v. Univ. of N. Tex.*, 673 F. App'x 384, 388 (5th Cir. 2016) (quoting *DeLoach v. Woodley*, 405 F.2d 496, 496–97 (5th Cir. 1968)). Moreover, dismissal with prejudice is appropriate when a plaintiff has

already alleged his "best case," thereby rendering any opportunity to amend an exercise in futility. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999).

The Court finds that Plaintiff has pled his best possible case. This is true because he has filed an original complaint, and a response to this Court's Order for More Definite Statement. He has also chosen not to reply nor ask for any additional time to do so regarding Defendants' Motion for Summary Judgment. Defendants' Motion for Summary Judgment was filed on April 26, 2024. After two extensions of time were granted, Plaintiff's reply was due no later than July 17, 2024. It is now August.

### III. Summary judgment standard of review

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate in any case where the critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the non-movant. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994). But all evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party moving for summary judgment bears the initial burden of identifying those portions of the summary judgment evidence which it believes demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. When the non-moving party bears the burden of proof on a claim upon which summary judgment is sought, the moving party may discharge its summary judgment burden by showing that there is an absence of evidence to

support the non-moving party's case. *Id.* at 325. Once the moving party has satisfied this burden, the non-moving party must go beyond the pleadings and by its own affidavits or by depositions, answers to interrogatories, and admissions on file, set forth specific facts showing a genuine issue for trial. *Id.* at 324; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57 (1986).

Hearsay, conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent summary judgment evidence. Fed. R. Civ. P. 56(e)(1); *see, e.g., Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *McIntosh v. Partridge*, 540 F.3d 315, 322 (5th Cir. 2008); *see also Little*, 37 F.3d at 1075 (noting that a non-movant's burden is "not satisfied with 'some metaphysical doubt as to the material facts'") (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

Summary judgment is mandated if the non-movant fails to make a showing sufficient to establish the existence of an element essential to their case on which they bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322; *Wenner v. Tex. Lottery Comm'n*, 123 F.3d 321, 324 (5th Cir. 1997). "In such a situation, there can be 'no genuine issue as to any material fact' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Id.* at 322–23. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may...consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

The party opposing summary judgment must identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the non-movant's opposition to the

motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n. 7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the non-moving party fails to make a showing sufficient to establish the existence an of element essential to case its and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

### IV. Background facts

According to the filings, on January 12, 2024, Plaintiff claims that he and his cell mates discovered a used sanitary napkin in their water cooler. [docket numbers 1 & 6]. Plaintiff filed Inmate Grievance #18,295,593 regarding this discovery, and a response was made by ECDC staff. [docket number 24 at 41]. Plaintiff was told to fill out a sick call and provided a §1983 form, as he requested. [*Id.*]. Plaintiff never appealed this grievance, never filed a subsequent grievance, and never filed a sick call with respect to this issue. [*See* docket number 24 at 37–58 (showing all inmate grievances, requests, and sick calls made from January 2, 2024, through April 2, 2024)]. Then on January 19, 2024, Plaintiff filed Inmate Grievance #18,372,191 alleging that he received a cold tray at dinner, and a response was made by ECDC staff. [docket number 24 at 43]. Plaintiff never appealed this grievance either. [*See* docket number 24 at 37–58].

### V. Failure to exhaust

Defendants argue that Plaintiff's §1983 should be dismissed because Plaintiff did not exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA) as to these Defendants concerning the specific facts of the two incidents and referring to the dates

alleged: January 12 & 19, 2024. The PLRA provides that prisoners wishing to sue must first exhaust available administrative remedies before filing a lawsuit. *Clifford v. Gibbs*, 298 F.3d 328, 330 (5th Cir. 2002) ("'exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'") (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).

Specifically, §1997e(a) of the PLRA states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). A properly exhausted claim is one which has "complete[d] the administrative review process in accordance with the applicable procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Those rules "are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Because exhaustion is an affirmative defense, Defendant bears the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

The Court proceeds with this summary judgment motion based on exhaustion first. *See Dillon*, 596 F.3d at 272–73 ("[E]xhaustion [under the PLRA] is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time"— thus, "[w]hen the defendant raises exhaustion as an affirmative defense, the judge should usually resolve disputes concerning exhaustion prior to allowing the case to proceed to the merits. If the plaintiff survives summary judgment on exhaustion, the judge may resolve disputed facts concerning exhaustion, holding an evidentiary hearing if necessary. Then, if the judge determines that the plaintiff has exhausted administrative remedies or that his or her failure to exhaust should be excused, the case may proceed to the merits." (footnote omitted)).

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997). And a factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins.*, 340 F.3d 233, 235 (5th Cir. 2003). Where, as here, the party moving for summary judgment "bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins.*, No. 3:04-CV-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

A factual dispute will preclude a grant of summary judgment if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court may not weigh the evidence or make credibility determinations. *Id.* Conclusory allegations, speculation, improbable inferences, or a mere scintilla of evidence, however, are insufficient to defeat a summary judgment motion. *See*

9

*Michaels v. Avitech, Inc.*, 202 F.3d 746, 754–55 (5th Cir. 2000). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Anderson*, 477 U.S. at 247. The Court now finds that, after drawing all reasonable inferences in favor of Plaintiff, Defendants have met their burden and are, therefore, entitled to summary judgment as a matter of law.

"[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules — rules that are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to properly exhaust." *Jones v. Bock*, 549 U.S. 199, 218 (2007); *see Moussazadeh v. Tex. Dep't of Crim. Justice*, 703 F.3d 781, 788 (5th Cir. 2012) ("In determining exhaustion under the PLRA, we look to the processes established by the prison and the parties' use of these processes."); *Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015) (per curiam) ("Exhaustion is defined by the prison's grievance procedures, and courts neither may add to nor subtract from them." (citations omitted)); *Kidd v. Livingston*, 463 F. App'x 311, 313 (5th Cir. 2012) (per curiam) ("It is the prison's requirements, not the [PLRA], that define the requirements of exhaustion"); *see also Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) ("Nothing in the [PLRA] prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems" (footnote omitted)).

Thus, "[i]nmates need not exhaust all administrative remedies" — "only those that are 'available' to them," and, "[w]henever defendants claim a failure to exhaust, they have the burden to prove that the plaintiff did not exhaust administrative remedies that were actually

10

available to him." *Davis v. Fernandez*, 798 F.3d 290, 294–95 (5th Cir. 2015) (citations omitted); *see Cowart v. Ervin*, 837 F.3d 444, 451 (5th Cir. 2016) ("The PLRA requires prisoners to exhaust such administrative remedies as are available prior to filing a §1983 action regarding prison conditions." (citations and internal quotation marks omitted)); *see also Ross v. Blake*, 136 S.Ct. 1850, 1860 (2016) ("[I]nterference with an inmate's pursuit of relief"—such as "through machination, misrepresentation, or intimidation" — "renders the administrative process unavailable." (collecting cases, including *Davis*, 798 F.3d at 295 ("Grievance procedures are unavailable ... if the correctional facility's staff misled the inmate as to the existence or rules of the grievance process so as to cause the inmate to fail to exhaust such process")))).

ECDC, where Plaintiff was housed at the time of the complained-of incidents, is run by the Ector County Sheriff's Office. ECDC has a two-step grievance policy that allows an inmate to appeal his grievance to the Sheriff or Jail Administrator. [*See* docket number 24 at 21 & 28]. The first step of policy is for the inmate to actually file a grievance. [*Id.*]. The second step is to file an appeal with the Sheriff or Jail Administrator. [*Id.*]. These grievance procedures are contained in the ECDC Inmate Handbook, a copy of which Plaintiff received upon arrival. [*Id.*].

Plaintiff knew that ECDC employed a two-step grievance procedure for inmates to challenge alleged violations of their civil rights. [*See id.*]. Plaintiff used this procedure multiple times to assert a variety of complaints. [*See* docket number 24 at 37–58]. In fact, competent summary judgment evidence shows that there was a mandatory written grievance procedure at ECDC, and that Plaintiff was indeed aware of these procedures. *See Brown v. Burnett*, No. Civ. A. 6:09-CV-156, 2010 WL 1997777, at *4 (E.D. Tex. May 17, 2010) (citing *Veloz v. N.Y.*, 339 F. Supp. 2d 505, 516 (S.D. N.Y. 2004) ("Plaintiff was most assuredly keenly aware of the grievance process.")). Despite Plaintiff's awareness of these rules, Plaintiff failed to fully grieve the

incidents at issue in this complaint against these Defendants concerning the dates alleged. Plaintiff failed to completely and finally apprise ECDC's administrator of his claims pertaining to these Defendants.

Plaintiff did not even allege in his Complaint that he exhausted or attempted to exhaust his administrative remedies. The strict approach followed by the Fifth Circuit required Plaintiff to file grievances and then to appeal them to the Sheriff or Jail Administrator *before* filing a lawsuit. By failing to arguably avail himself of both steps in the grievance process, Plaintiff has failed to exhaust his administrative remedies.

And exhaustion is mandatory. *Porter*, 534 U.S. at 524; *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 214–15 (2007). Strict compliance with §1997e(a) is required in this Circuit. *Days*, 322 F.3d at 866; *see also Jones*, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").

Although a prisoner's failure to exhaust his administrative remedies "does not deprive courts of subject matter jurisdiction[,]" the exhaustion requirement is a "rule of judicial administration" which limits "access to the courts[.]" *Dillon*, 596 F.3d at 271–72 (citations omitted). Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time[.]" *Id.* at 272. It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). This is true regardless of whether the inmate's ultimate goal is a remedy not offered by the administrative process, such as money damages. *Id.* Moreover, exhaustion after suit has been filed is not sufficient. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

> As the *Gonzalez* Court noted:
>
>> . . . District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Gonzalez*, 702 F.3d at 788.

The extensive summary judgment evidence provided by Defendants demonstrates that Plaintiff failed to fully exhaust his administrative remedies concerning the incidents involving these Defendants. [*See generally* docket number 24 at 37–58]. All of Plaintiff's inmate requests and grievances were provided to the Court, and none of them raise these exact issues against these Defendants through both required means of exhaustion at ECDC. [*See generally id.*]. Based on the evidence before the Court, Plaintiff has utterly failed to exhaust his administrative remedies.

Plaintiff has also failed to respond to Defendants' Motion for Summary Judgment, or otherwise meet his burden in demonstrating that administrative remedies were unavailable or inappropriate, or that pursuing them would have been futile. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (to be excused from the exhaustion requirement, the prisoner must show that administrative remedies were "unavailable or wholly inappropriate," or that it would be "patently futile" to pursue them). The Fifth Circuit has taken the position that exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and that the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Id.*

Plaintiff's failure to exhaust administrative remedies is an "incurable" defect. *See Nolasco v. CitiMortgage, Inc.*, No. Civ. A. H-12-1875, 2012 WL 3648414, at *7 (S.D. Tex. Aug. 23, 2012) (noting that Plaintiff's claims failed not because of a lack of specificity or clarity, but

13

as a matter of law). In the fairly recent *Jackson* case, the district court granted summary judgment for lack of exhaustion, and then also denied Plaintiff's motion for leave to amend. *Jackson v. Carrizales*, No. 2:18-CV-078-Z-BR, 2021 WL 3783353, at *5 (N.D. Tex. July 7, 2021) ("[A]mending these claims will not cure the deficiency of the current claim or Plaintiff's acknowledgment that he failed to exhaust his administrative remedies prior to filing suit in this instance.").

Any amended complaint here would be similarly futile because even if Plaintiff were allowed to restate his claims, he would not be able to cure the lack of exhaustion. *See Kron v. Tanner*, No. Civ. A. 10-518, 2010 WL 2038168, at *1 (E.D. La. May 20, 2010) ("It is evident from the face of the motion that plaintiff has not yet fully exhausted his administrative remedies with respect to the claims arising out of the March 27 incident. Because those claims would therefore be subject to dismissal pursuant to §1997e(a), leave should be denied on the ground that the proposed amendments would be futile.") (citation omitted); *Brown v. U.S. Justice Dep't*, No. 04-379, 2007 WL 2811635, at *13 (W.D. Pa. Sept. 24, 2007) ("As Plaintiff has not exhausted his administrative remedies in accordance with the mandates of the PLRA, amending the complaint to add this claim would be futile."), *aff'd*, 271 F. App'x 142 (3d Cir. 2008).

Plaintiff has not raised any valid excuses for failing to exhaust his available administrative remedies *before* filing the complaint here, considering this, the Court now finds that amendment at this stage would not cure the deficiencies and would therefore be futile. *See DeLoach v. Woodley*, 405 F.2d 496, 496–97 (5th Cir. 1969) (The liberal amendment rules of Fed. R. Civ. P. 15(a) "do not require that courts indulge in futile gestures. Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted.").

Considering the statutory mandate of §1997e(a), this Court must dismiss Plaintiff's complaint without prejudice for failure to exhaust administrative remedies. *See Clifford v. Gibbs*, 298 F.3d 328, 333 (5th Cir. 2002) (dismissing without prejudice for failure to exhaust administrative remedies under §1997e(a)); *Scott v. Graham*, 54 F. App'x 405 (5th Cir. 2002) (unpublished per curiam) (same). Plaintiff's complained-of §1983 incidents against these Defendants is, thus, dismissed without prejudice for failure to exhaust administrative remedies.

**VI. State-law claims**

To the extent Plaintiff has any remaining state-law claims, the Court dismisses these under 28 U.S.C. §1367. Since this Court no longer has original jurisdiction because it has already dismissed the federal claims, supplemental jurisdiction over state-law claims should be declined. This is also true because of the interests of judicial economy, convenience, and fairness will be served by declining to exercise supplemental jurisdiction over any state-law claims.

In this circuit, the general rule is to decline the exercise of supplemental jurisdiction when all federal claims are dismissed or eliminated before trial. *See Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989). That said, this rule is neither mandatory nor absolute. *See id.* Rather, the Fifth Circuit reviews a district court's decision to decline supplemental jurisdiction for an abuse of discretion. *See Batiste v. Island Records, Inc.*, 179 F.3d 217, 226 (5th Cir. 1999); *see also Robertson v. Neuromedical Ctr.*, 161 F.3d 292, 296 (5th Cir. 1998) ("[D]istrict court has wide discretion"). Given that wide discretion, this Court will decline to exercise supplemental jurisdiction over any remaining state-law claims as all federal claims over which this Court had original jurisdiction have already been dismissed for failure to exhaust.

15

## VII. Conclusion

The Court therefore grants Defendants' Motion for Summary Judgment and dismisses without prejudice all of Plaintiff's claims against these Defendants for failure to exhaust administrative remedies. [docket number 24]. Any pending state-law claims are also dismissed without prejudice.

It is so **ORDERED**.

SIGNED this 4th day of August, 2024.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE